*366 OPINION of the Court, by
Judge Logas.
— This u a. suit for laud upon conflicting titles, in which the apy ¡¡dice, who was the complainant in the court below* *367 i.ta¡Ais under the following, entry : “ John Kennedy withdraws his entry of 300 acres adjoining the Elk "Garden, and locates the same on Silver creek, below the mouth of Long branch, including a large flat of caney land, and a walnut tree on the east side of the creek Inarked J. K. and a large spring in the bank of the creek — October 31st, 1780.”
The reafonable expe&a* tion of other locators would be that the firft caney fiat be, low the Long branch was the one intended.
The fiat being about one mile below, a large fpring being found there about 30 poles from the creek and running into it, the walnut tree within 20 yards of the fpring, and no other fiat and large fpring being in the vicinity, the entry is fufficientíy* fpeciai $c * pre, cife.
The fumy dtre&ed.
The appellants rely solely on their elder patent. It will therefore be only necessary to decide whether this is a good entry and has been rightly surveyed.
Silver creek and Long branch were both generally known by those names when Kennedy’s entry was made, and as such were good calls in furnishing subsequent locators with a certain place of departure, from which to direct their inquiries for the land described by the entry.
The next inquiry presented is, for “ a large flat of caney land,” represented as lying on Silver creek, below the mouth of said branch. In the description of objects it is quite usual to connect them with same well known place in the neighborhood, whereby their ascertainment is rendered more certain anti convenient. Under this view an inquirer would have justly expected that the land located by this entry was the first “ large flat of caney land” below the mouth of Long branch.
The land in controversy is a large flat on the creek, and which was covered with cane when this entry was made. It commences about one mile beiow the mouth of Long branch, and is the first such bottom below said branch, in descending the creek from the mouth of Long branch, the locator would readily have expected, upon reaching this bottom, that he had arrived at the place intended by the entry. But whether the entry, if it rested on this call only, with those preceding it, could be sustained, is not put to decision. It seems sufficient to determine that if this call in the entry would have awakened the expectation of an inquirer so far that this was the bottom intended, as to induce him to tubt it by the other calls, and the other calls satisfacto-idy proved it to be the place, that then the entry must be sustained.
Supposing a subsequent locator to have entertained ioubts whether this flat of ground was the place called *368 for bv th -■ rn*rr crrxfc through t colad tnr ii> th-i-»» m11v* ⅜ -s r, ,⅛, 1 of course hm > ’■* search ■>!' :t'i he would ha’s h'-rnch, h rah g he r 7.,’ 1 of course have r]e he large sp come to ru'irinjv h'-rnch, h rah g ül tar >r sac? of watt r just fiov. mg from a sprmg c f dm' 1c -r tion, but owing' to the cane he could not see its s-m Now as the cane intercepted his view, and to- - .04-bore evidence that a spring was not far distant, : tainlv probable that the locator would have )c bi_J ⅛." the spring; and in about thirty poles from the omuiR of the branch he would have found the spring in ■ •_ se cond bank of the creek. But another eery-hf "toon would have contributed to the examination up the branch for the. spring. This spring is but eighteen poles from the creek, and the second bank is about fourteen feet higher than the ground from thence to the creek ; so that the idea must have occurred from the appearance of the hill at so short a distance, together with that of the water in the branch, that the head of said branch was at the hill ; and if he had gone to the spring he would there have found a tree with the letters j. K. on it. But had he been induced to search about the spring for the walnut tree called for with the letters J. K. on the same, lie would have found it within 15 or 20 yards from the spring. However, the entry having given bo clue by which the walnut tree could be a subsequent locator ought not to his peril to know it, unless it had notoriety or contiguity to some other call he would in all probability have seen it. found with certainty, have been bound at stood where from its
But had an inquirer not been satisfied that this was the place called for by the entry, and prosecuted his search still farther, or inquired of those supposed to be acquainted on the creek, he would have learnt that no other place, to the mouth of the creek, compared with this, could have embarrassed the mind in the application of the entry.
Two springs are shewn with a view to render the entry uncertain, one of which is small and rises in the channel of the creek, and the other is 24 poles from the creek and sinks 15 poles from the same. This spring seems to be two or three miles lower down the creek» It is surely unnecessary to examine whether there was “ a large flat of caney land” at either of those two *369 springs: neither of them answered the description of the - ntry. With respect to the first, it was neither in the Iht'ik of the creek or of a siae to have attracted the attention of a person expecting a large spring. And a* to the second, if it had been found at all, for the same reason in relation to the other, it could not have been supposed the one coiled for ⅛ this entry.
It seems that springs of any description were but few on the creek, and no other large spring pretended.
Upon the whole, we are of opinion that from a just consideration or the several calls of this entry, taken together, that a person either having knowledge before of the bottoms on Silver creek, or setting out from the mouth of Long branch to imd the land described by the entry, would have understood the place intended by the locator, and that the entry is therefore good.
The next inquiry is with regard to the manner of surveying the claim. The survey should have been made including the said lilt of land,.with lines equidistant from the s.des thereof, rtgulated by the course of the bottom in its length, and as nearly in a square as the length of the bottom will permit.
It appearing that the opinion of the circuit court would give the appellee land within the claim of the appellants, which by the foregoing opinion will not be comprehended, for this reason the decree of that court must be reversed with costs.